UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WINDWARD BORA LLC,

                              Plaintiff,             **REPORT AND RECOMMENDATION**

    -against-                                18-cv-4302 (JS)(SIL)

WILLIAM VALENTE, and MELANI
BENEDETTO-VALENTE

                             Defendants.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Plaintiff Windward Bora LLC's ("Plaintiff" or "Windward Bora") Motion for Default Judgment and Judgment of Foreclosure and Sale. *See* Docket Entry ("DE") [13]. By way of a Complaint filed on July 30, 2018, Plaintiff commenced this diversity action against William Valente ("Valente") and Melani Benedetto-Valente ("Benedetto-Valente") (together, "Defendants"), seeking, among other things, to foreclose on its mortgage encumbering the property located at 421 Harvard Road, West Babylon, New York 11704 (the "Subject Property"). *See* Complaint ("Compl."), DE [1]. After Defendants failed to appear or otherwise defend this action, the Clerk of the Court entered default against them on October 5, 2018. *See* DE [11]. On October 18, 2018, Windward Bora filed the instant motion, which Judge Seybert referred to this Court for a recommendation as to whether Plaintiff has demonstrated that the allegations in the Complaint establish

1

Defendants' liability such that the motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated October 19, 2018. For the reasons set forth herein, it is respectfully recommended that Plaintiff's motion be granted and that Windward Bora be awarded damages and additional relief as described below.

## I. BACKGROUND

On or about June 29, 2005, Defendants executed and delivered a note (the "Note") to Long Beach Mortgage Company ("Long Beach") by which they promised to pay the principal amount of $66,900.00 in connection to the Subject Property plus interest on any unpaid amount due. *See* Motion for Default Judgment of Foreclosure and Sale ("Motion"), Exhibit ("Ex.") A, DE [13-3], 23-26; Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale ("Regularity Decl."), DE [13-1], ¶ 2; Compl. ¶ 10. On the same date, Defendants duly executed and delivered a mortgage (the "Mortgage") in the amount of $66,900.00 to secure payment pursuant to the Note. *See* Motion, Ex. A, 15-21; Regularity Decl. ¶ 2. The Mortgage was recorded with the Suffolk County Clerk's Office on July 15, 2005 in Liber number 21086 of Mortgage Page 597. *See* Motion, Ex. A, 13; Compl. ¶ 9; Regularity Decl. ¶ 2. On January 31, 2018, Liberty Holdings NYC, LLC ("Liberty Holdings") assigned the Mortgage to Windward Bora.[1] *See* Motion, Ex. A, 28;

---

[1] The Assignment does not state, and Plaintiff does not explain, the relationship between Liberty Holdings and Long Beach that permitted Liberty Holdings to assign a Mortgage belonging to Long Beach. Nonetheless, Plaintiff's submission of the Assignment and the Allonge to the Note are sufficient to establish a valid assignment. *See, e.g.*, *Wilmington Sav. Fund Soc'y, FSB v. Klein*, No. 18-cv-4231, 2019 WL 1995472, at *3 (E.D.N.Y. Mar. 12, 2019), *report and recommendation adopted*, No. 18-cv-4231, 2019 WL 1994491 (E.D.N.Y. May 6, 2019).

2

Compl. ¶ 11; Regularity Decl. ¶ 3. As of the filing of the instant motion, this Assignment has not been recorded. *See* Regularity Decl. ¶ 3.

Due to their failure to make the payment due on August 1, 2012 and all payments due thereafter in accordance with the terms of the Note and the Mortgage, Defendants defaulted on both instruments. *See* Compl. ¶ 14. On March 28, 2018, Plaintiff mailed Defendants a demand letter in accordance with the terms of the Mortgage and a ninety-day notice as required by New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, but Defendants did not cure the default. *See id.* at ¶ 15.

By way of Complaint filed on July 30, 2018, Windward Bora commenced this action against Defendants, seeking, among other things: (i) judgment determining the amount due to Plaintiff, including principal, interest and various expenses; and (ii) foreclosure and sale of the Subject Property. *See* Compl., 6. At the time Windward Bora filed the Complaint, Defendants owed a total of $70,485.48 in principal balance, unpaid interest and late charges. *See* Compl. ¶ 18. The Clerk of the Court issued the Summons as to Defendants on July 30, 2018. *See* DE [7].

On August 2, 2018, Plaintiff filed a Notice of Pendency in the Suffolk County Clerk's Office pursuant to N.Y. C.P.L.R. § 6501 and RPAPL § 1331. Regularity Decl. ¶ 4. Windward Bora effectuated service of the Summons and Complaint upon Benedetto-Valente and Valente and mailed them a copy of the Summons, in accordance with N.Y. C.P.L.R. § 3215(g)(3)(iii), on August 28, 2018 and August 31, 2018, respectively. *See* DEs [8], [9]. Defendants failed to timely answer, move or

3

otherwise respond to the Complaint.  *See* Regularity Decl. ¶ 7.  Accordingly, at Plaintiff's request, the Clerk of the Court entered default against Defendants on October 5, 2018.  *See* DE [11]; Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale ("Pl. Memo."), DE [13-2], 2.  On October 18, 2018, Windward Bora filed the instant motion, which seeks, among other relief:  (i) a default judgment against Defendants; (ii) foreclosure and sale of the Subject Property; (iii) appointment of a Referee to sell the Subject Property; and (iv) a damages award in the amount of $116,664.60.  *See* Pl. Memo, 4; Regularity Decl., 3.

## II.  DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process.  *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  Initially, the moving party must obtain a certificate of default from the Clerk of the Court.  *See* Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  *See id.* at 55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation— other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a

party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at \*1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at \*2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

## III. DISCUSSION

### A. Liability

Under New York law,[2] a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment" on the loan secured by the

---

[2] The Mortgage contains a choice of law clause, which provides that "[t]he state and local law that applies in the place that the [Subject] Property is located will govern this Mortgage." Mortgage § 16.

5

mortgage. *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). Thus, the plaintiff establishes a *prima facie* entitlement to judgment once it submits the mortgage, the unpaid note and evidence of the default, and the burden then shifts to the defendant to rebut the plaintiff's evidence. *Id.* at 414-15; *see also United States v. Estate of Callard*, No. 11-cv-4819, 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom.* No. 11-cv-4819, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."). Where the plaintiff is the owner of a mortgage through assignment, the assignment is valid even if it has not been recorded. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 91 (2d Cir. 2014) (holding that, though it may be evidence of proper transfer, under New York law, "[t]he assignment of a mortgage need not be recorded for the assignment to be valid"); *Onewest Bank, N.A. v. Perez*, No. 14-cv-3465, 2015 WL 12659924, at *9 (E.D.N.Y. July 18, 2015).

Here, the allegations in the Complaint and the documentary evidence submitted in support of the instant motion establish that Windward Bora is entitled to default judgment against Defendants. Plaintiff has produced copies of the Mortgage and the Note, thereby demonstrating Defendants' obligations arising thereunder. *See* Motion, Ex. A, 15-26. The Assignment dated January 31, 2018

6

confirms Windward Bora's ownership of the Mortgage.  *See id.* at 19; Compl. ¶ 11.  Moreover, the Note provides that Defendants will be in default if they "do not pay the full amount of each monthly payment on time . . . [and] do not pay the overdue amount by the date stated in [a written notice of overdue payments][,]" Note § 4.B-C., and the Mortgage requires Defendants to "promptly pay to [Plaintiff] when due principal and interest under the Note . . .[,]" Mortgage § 1.  Finally, Windward Bora alleges that Defendants defaulted on the Note and Mortgage on August 1, 2012 and failed to cure their default despite Plaintiff's notice of default.  *See* Compl. ¶¶ 14-15.  Because Defendants neither answered Windward Bora's Complaint nor opposed the instant motion, they have failed to rebut Plaintiff's *prima facie* showing that it is entitled to a default judgment.  The Court therefore recommends that Windward Bora's motion for default judgment be granted.

### B. Damages and Remedies

Once liability is established, the court must ascertain damages with "reasonable certainty."  *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014).  To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992).  An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks $116,664.60 in damages. *See* Regularity Decl. ¶ 6. Plaintiff also moves for entry of Judgment of Foreclosure and Sale permitting it to foreclose upon and sell the Subject Property at auction. *See id.* at 12.

i.  *Total Amount Due on the Note*

Windward Bora seeks to recover the total amount due on the Note, which includes: (i) the unpaid principal balance of $66,547.60 (the "Unpaid Principal Balance"); and (ii) interest accrued from July 1, 2012 through October 17, 2018 of $50,117.00. *See* Regularity Decl. ¶ 6; Pl. Memo, 4; Affidavit of Statement of Damages ("Damages Aff."), DE [13-5] ¶¶ 5-7.

Pursuant to the terms of the Note, Defendants promised to pay Windward Bora a total of $66,900.00 in principal. *See* Compl. ¶ 10; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Defendants to pay "immediately the full amount of principal which has not been paid and all the interest that [Defendants] owe on that amount." Note § 4(C). In support of the instant motion, Windward Bora submits an affidavit executed by Yonel Devico ("Devico"), the Vice President of Windward Bora who is "fully familiar with all of the facts and circumstances" underlying this action. *See* Damages Aff. ¶ 1. According to Devico, at the time of Defendants' default on August 1, 2012, the Unpaid Principal Balance was $66,547.60. *See* Damages Aff. ¶¶ 5-6. Plaintiff's allegations and the documentation submitted similarly establish that after Defendants' initial default, they did not make any further payments to reduce the Unpaid Principal Balance. *See id.* at ¶¶ 4-5; Compl. ¶ 14. Therefore, the Court

8

recommends that Windward Bora be awarded $66,547.60 to recover the Unpaid Principal Balance against Defendants.

The terms of the Note also provide that interest accrues on the outstanding principal balance at an annual rate of 11.950%. *See* Note § 2. Applying the Note's 11.950% annual interest rate to the $66,547.60 Unpaid Principal Balance, interest accrues at a rate of $21.79 per day. Windward Bora seeks interest due from July 1, 2012 through October 17, 2018, and as of October 17, 2018, Defendants have failed to pay 2,299 days of accrued interest. The Court therefore recommends that Plaintiff be awarded $50,089.47 to recover unpaid interest through October 17, 2018.[3]

  ii. *Judgment of Foreclosure and Sale and Appointment of Referee*

Additionally, Windward Bora seeks a judgment of foreclosure and sale of the Subject Property, which also appoints a Referee to conduct the sale. *See* Regularity Decl., 3. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted). Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g.*, *PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of

---

[3] Plaintiff's calculation of interest in the amount of $50,117.00 is based off the incorrect conclusion that July 1, 2012 through October 17, 2018 is 2,300 days, rather than 2,299 days. *See* Damages Aff. ¶ 7.

9

foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014). Because Plaintiff has established its presumptive right to foreclose upon the Subject Property due to Defendants' default, the Court recommends that a judgment of foreclosure be entered and that a Referee be appointed to effectuate the sale of the Subject Property.[4] In addition, the Court recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. *See OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Windward Bora's motion for default judgment be granted, and that Plaintiff be awarded: (i) $66,547.60 for the Unpaid Principal Balance on the Note; and (ii) $50,089.47 to recover unpaid interest through October 17, 2018. The Court further recommends that an Order of Judgment of Foreclosure and Sale be entered and that a Referee be appointed to effectuate the sale of the Subject Property.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and promptly file proof of service by ECF. Any

---

[4] Plaintiff does not identify the Referee it seeks to have appointed.

10

objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         July 16, 2019

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

11